# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:04CR106 RAS/DDB |
| | § | |
| CHRISTOPHER LAVON LEWIS (28) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 2, 2015 to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Chris Eason.

On February 3, 2005, Defendant was sentenced by the Honorable Richard A. Schell, United States District Judge, to a sentence of 151 months imprisonment followed by a 5-year term of supervised release for the offense of Conspiracy to Possess with Intent to Distribute Cocaine Base. On August 22, 2008, pursuant to 18 U.S.C. § 3582(c)(2), Defendant's sentence of imprisonment was reduced to 130 months. Subsequently on November 14, 2011, the sentence of imprisonment was reduced to 120 months pursuant to 18 U.S.C. § 3582(c)(2). Defendant began his term of supervision on July 3, 2013.

On February 2, 2015, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 1576). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall refrain from any unlawful use of a controlled substance; (2) Defendant shall refrain from excessive use of alcohol and shall not

purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician; (3) Defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month; (4) Defendant shall notify the probation officer ten days prior to any change in residence or employment; (5) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; and (6) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer.

The Petition alleges that Defendant committed the following violations: (1) On October 28, 2013, Defendant submitted a urine specimen which tested positive for marijuana. He admitted verbally and in writing that he smoked marijuana five days prior to submitting the specimen; (2) On November 22, 2013, and January 8, 2015, Defendant submitted urine specimens which tested positive for cocaine; (3) Defendant failed to timely submit a monthly report within the first five days of the month for the months of July, September and December 2013; and January, February, April, May, June, July, August, September and October 2014; (4) On August 12, 2013, Defendant failed to notify the probation officer ten days prior to his change in residence when he moved to Paris, Texas. On September 3, 2013, Defendant failed to notify the probation officer ten days prior to his change in residence when he moved to Mesquite, Texas. Defendant failed to notify the probation officer of change in employment in a timely manner. On October 16, 2013, Defendant reported he was terminated from his job on October 5, 2013. On December 8, 2013, Defendant failed to notify the probation officer ten days prior to his change in residence when he moved to Dallas, Texas.

Defendant failed to notify the probation officer of change in employment in a timely manner. On August 27, 2014, Defendant reported he gained employment on or about August 19, 2014. On January 7, 2015, Defendant failed to notify the probation officer ten days prior to his change in residence when he moved to a different location in Paris, Texas; (5) Defendant failed to notify the probation officer within seventy-two hours of being questioned by Paris Police Department on December 6, 2014; and (6) Defendant failed to submit to drug testing as directed on October 15, 2013, March 15, September 8, September 17, December 9, and December 29, 2014. Defendant failed to attend substance abuse counseling at Pillar Counseling, Plano, Texas, as directed on December 3, 2013, and January 31, February 19, and February 25, 2014.

At the hearing, Defendant entered a plea of true to the alleged violations. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the April 2, 2015 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-one (21) months, with no supervised release to follow. The Court further recommends that Defendant's term of imprisonment be carried out in FCI Seagoville, if appropriate.

**SIGNED this 14th day of April, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE